**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-17-08245-001-PHX-DGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Cemie David Clayton, | |
| Defendant. | |

Defendant Cemie Clayton is in the custody of the Federal Bureau of Prisons ("BOP"). Pursuant to 18 U.S.C. § 3582(c), Defendant has filed an amended motion for compassionate release due to ongoing health concerns from the COVID-19 pandemic. Doc. 61. The motion is fully briefed. Docs. 62, 63. For reasons stated below, the Court will deny the motion.

**I.    Background.**

In October 2017, a grand jury issued a five-count indictment against Defendant: felon in possession of a firearm (counts one, two, and five), possession with the intent to distribute methamphetamine (count three), and use of a firearm during a drug trafficking crime (count four). Docs. 15, 18; *see* 18 U.S.C. §§ 922(g), 924(a)-(c); 21 U.S.C. § 841(a)-(b). Defendant pled guilty to count four on April 27, 2018. Docs. 32, 33. On September 19, 2018, the Court sentenced Defendant to 60 months in prison followed by 60 months of supervised release. Docs. 49, 50.

Defendant presently is confined at the federal correctional institution in Phoenix, Arizona ("FCI-Phoenix"). *See* Federal BOP, *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited Dec. 16, 2020). His projected release date is December 18, 2021. *See id.*; Doc. 63 at 5.

On July 29, 2020, Defendant made a request to the warden at FCI-Phoenix for compassionate release. Doc. 61 at 3. The request was denied on August 18. Doc. 53 at 10.

## II.     Compassionate Release Under § 3582(c) and the First Step Act.

Compassionate release is governed by § 3582(c). *See United States v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020) (citing *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019)). Section 3582(c) previously provided for compassionate release only upon motion of the BOP Director. *See id.*; *United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *1 (D. Ariz. May 29, 2020). On December 21, 2018, Congress enacted – and the President signed into law – the First Step Act of 2018 ("FSA"), "with the intent of 'increasing the use and transparency of compassionate release.'" *Willis*, 382 F. Supp. 3d at 1187 (quoting Pub. L. No. 115-391, 132 Stat. 5194, at 5239 (2018)).

The FSA amended § 3582(c) to permit motions for compassionate release by defendants. A defendant may bring such a motion after: (1) requesting the BOP to make such a motion on his behalf, and (2) exhausting all administrative appeals after the BOP has denied the request, or 30 days have elapsed after the warden received the request, whichever is earlier. *See* § 3582(c)(1)(A); *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *8 (D. Nev. June 2, 2020) (comparing § 3582(c)(1)(A) (2018) with § 3582(c)(1)(A) (2002)).

Specifically, the amended version of § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>
> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights

> to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C §] 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).[1]

### III. Defendant's Motion.

Defendant filed the present motion, through appointed counsel, more than three months after he submitted his administrative request for compassionate release to the warden at FCI-Phoenix. The government agrees that Defendant has exhausted his administrative remedies with the BOP. Doc. 62 at 7. The Court therefore has jurisdiction under § 3582(c)(1)(A).

Defendant seeks compassionate release due to his obesity, asthma, hypertension, diabetes, and high cholesterol. Doc. 61 at 12. The government argues that Defendant's motion should be denied because he is a danger to the community and the § 3553(a) factors do not weigh in favor of early release. Doc. 62 at 1, 7-11. The Court finds that Defendant has shown extraordinary and compelling reasons for compassionate release, but a sentence reduction would not serve the purposes of 18 U.S.C. § 3553(a) and Defendant has failed to show that he no longer is a danger to the community.

### A. Extraordinary and Compelling Reasons.

While § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G.

---

[1] "Although relief under the statute is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." *United States v. Marks*, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020).

§ 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).[2]

The following medical conditions can constitute extraordinary and compelling reasons justifying compassionate release:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)[.]
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

§ 1B1.13, application note 1(A).

BOP medical records show that Defendant suffers from asthma, hypertension, and obesity. Doc. 53 at 11. The BOP clinical director found that Defendant has an increased risk for severe COVID-19 infection due to those medical conditions, noting that Defendant has a body mass index ("BMI") of 35.5. *Id.*; *see* Docs. 47 at 2, 61 at 18 (listing Defendant's height and weight).[3] On November 2, the CDC updated its guidelines to include obesity

---

[2] There is no policy statement specifically applicable to motions for compassionate release filed by prisoners under the FSA. By its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director. U.S.S.G. § 1B1.13. The Sentencing Commission has not amended the current policy statement since the FSA was enacted, nor has it adopted a new policy statement applicable to motions filed by defendants. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) (citing *United States v. Gross*, No. 2:04-CR-32-RMP, 2019 WL 2437463, at *2 (E.D. Wash. June 11, 2019)). While the current policy statement may not constrain the Court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction under § 3582(c)(1)(A)(i), it does provide helpful guidance. *See id.*

[3] BMI is a person's weight in kilograms divided by the square of height in meters. *See* Centers for Disease Control and Prevention ("CDC"), Healthy Weight, Nutrition, and Physical Activity, *Body Mass Index (BMI)*, https://www.cdc.gov/healthyweight/assessing/bmi/index.html (last visited Dec. 16, 2020). A person with a BMI of 30 or greater is obese. *See id.*; *United States v. Moo*re, No. CR 14-315-06, 2020 WL 7264597, at *3 (E.D. Pa. Dec. 10, 2020) (the CDC has defined obesity as a BMI over 30).

as one of the most serious risk factors for severe illness from COVID-19. *See* CDC, COVID-19 (Coronavirus Disease), *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity (last visited Dec. 16, 2020); CDC, Overweight & Obesity, *Obesity Worsens Outcomes from COVID-19*, https://www.cdc.gov/ obesity/data/obesity-and-covid-19.html (people "with excess weight are at even greater risk during the COVID-19 pandemic" because obesity may triple the risk of hospitalization due to a COVID-19 infection, is linked to impaired immune function, and decreases lung capacity) (last visited Dec. 16, 2020).

The Court finds that Defendant suffers from a combination of medical conditions that would present serious risks if he were to contract COVID-19. *See United States v. Johnson*, No. 3:18-CR-00162 (MPS), 2020 WL 4449797, at *2 & n.4 (D. Conn. Aug. 3, 2020) ("According to the [CDC], 'people of any age with certain underlying medical conditions are at increased risk for severe illness from COVID-19.' Obesity . . . is one of these underlying medical conditions.") (quoting CDC, Coronavirus Disease 2019, *People with Certain Medical Conditions*); *United States v. Williams*, No. 2:98-CR-0309-KJD-RJJ, 2020 WL 3917030, at *1 & n.5 (D. Nev. July 10, 2020) ("high-risk individuals include people suffering from . . . high blood pressure [and] asthma") (citing CDC, *People Who Are at Increased Risk for Severe Illness* (June 25, 2020)); *United States v. Nassar*, No. 2:17-CR-00104-KJM-1, 2020 WL 6484181, at *2 & nn.3-7 (E.D. Cal. Nov. 4, 2020) ("District courts within the Ninth Circuit have recognized that asthma [and] hypertension . . . increase the risk of serious COVID-19 symptoms and complications.") (citing cases).

Defendant is not likely to recover from his medical conditions while incarcerated. And as of December 16, more than 200 inmates and staff members at FCI-Phoenix have tested positive for COVID-19. *See* Federal BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (213 inmates and 33 staff members).

"Courts have found general concerns about possible exposure to COVID-19 'do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set

forth in the Sentencing Commission's policy statement.'" *United States v. Atari*, No. 2:17-CR-00232-JAM, 2020 WL 2615030, at *2 (E.D. Cal. May 22, 2020) (citations omitted); *see United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 WL 3050705, at *6 (D. Ariz. June 8, 2020) (same). But given Defendant's medical conditions and the COVID-19 infections that have occurred at FCI-Phoenix, Defendant's fear of contracting the virus is real and not merely a general concern. The Court finds extraordinary and compelling reasons allowing for a sentence reduction. *See* Doc. 62 at 7; *United States v. Parker*, 461 F. Supp. 3d 966, 979-80 (C.D. Cal. May 21, 2020) ("Since the onset of the COVID-19 pandemic, courts have determined that inmates suffering from conditions such as hypertension . . . are now at an even greater risk of deteriorating health, presenting 'extraordinary and compelling' circumstances that may justify compassionate release."); *United States v. Rodriguez*, --- F. Supp. 3d ----, No. 17-4477, 2020 WL 4592833, at *1 (S.D. Cal. Aug. 5, 2020) (finding extraordinary and compelling reasons where the defendant had asthma and was overweight).

**B.  Section 3553(a) Factors.**

Defendant's COVID-19 risk factors do not, however, end the Court's inquiry. Section 3582(c)(1)(A) "provides that, before reducing a defendant's sentence for 'extraordinary and compelling reasons,' the court must consider the factors set forth in 18 U.S.C. § 3553(a)[.]'" *United States v. Mobley*, No. CR CCB-17-144, 2020 WL 6891398, at *3 (D. Md. Nov. 24, 2020). The § 3553(a) "factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013). In considering the § 3553(a) factors, the Court "should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting

compassionate release[.]" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020).

Defendant engaged in the serious criminal conduct of using a firearm during a drug trafficking crime. Docs. 18 at 5, 47 ¶¶ 4-8, 52 at 8-9. The firearm was used to facilitate the sale of methamphetamine, a highly dangerous drug. Doc. 47 ¶ 6. In fact, Defendant was found with methamphetamine and three different firearms on three occasions related to this case. Doc. 47 ¶¶ 4-8. Defendant was sentenced on count four to the statutory minimum term of 60 months. *Id.* ¶ 57 (noting that the "minimum term of imprisonment is five years and the maximum term is life") (citing 18 U.S.C. § 924(c)(1)(A)). To date, Defendant has served approximately 40 months. Docs. 14 at 1, 47 at 1, 63 at 5; *see* Federal BOP, *Find an inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (listing a projected release date of December 18, 2021).

Defendant's good behavior and rehabilitation efforts while in prison are commendable. *See* Doc. 61 at 18. But releasing him from prison at this time would not reflect the seriousness of his offense, promote respect for the law, provide just punishment for his serious offense, or afford adequate deterrence to criminal conduct. *See Ebbers*, 432 F. Supp. 3d at 430 (noting that the court must "particularly [consider] whether compassionate release would undermine the goals of the original sentence"); *United States v. Tuitele*, No. CR 13-00593 JMS, 2020 WL 5167527, at *4 (D. Haw. Aug. 31, 2020) ("Reducing Defendant's sentence to time served, given the nature of his offenses, would severely undermine the goals of sentencing set forth in § 3553(a)(2)."); *United States v. Coleman*, No. 2:16-CR-00139, 2020 WL 6334784, at *8 (W.D. Pa. Oct. 29, 2020) (denying compassionate release where the defendant had serious health conditions because two years remained on his eight-year sentence).

**C.     Danger to the Community.**

Defendant also has failed to show that he no longer is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2); *see* Doc. 61 at 20. Defendant has a lengthy and substantial record of criminal conduct, and his prior felony convictions

place him in a criminal history category of VI. Doc. 47 ¶¶ 15-26. The prior felonies include convictions for a string of burglaries (1999), aggravated assault (2002), aggravated DUIs (2006), misconduct involving weapons (2007), possession or use of narcotic drugs (2007), and theft crimes (2007). *Id.* ¶¶ 15, 17, 19, 21, 22, 24. His misdemeanor convictions include another assault (2001), extreme DUI (2005), and criminal damage (2006). *Id.* ¶¶ 16, 18, 20. In 2008, Defendant was sentenced to eight years in state prison for some of these felonies. *Id.* ¶¶ 21, 22, 24. In this case, Defendant was ordered detained pending trial because clear and convincing evidence showed that he is a danger to the community. Doc. 12.

Although Defendant has made efforts to rehabilitate himself while incarcerated and has the love and support of his family (Doc. 61 at 18-19), the Court cannot conclude that Defendant no longer poses a danger to the community if released. As noted, Defendant returned to dangerous criminal behavior after serving an eight-year sentence in state custody. If an eight-year state sentence did not deter him from committing new drug and weapons offenses, the Court cannot conclude that a shortened sentence of 40 months will do so. *See United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1243-44 (S.D. Fla. 2020) ("Defendant does not – and cannot – show that his release would pose no 'danger to any person or the community.' His medical condition – serious and deteriorating though it may be – did not deter him from committing the crimes for which he is now incarcerated. And there is no reason to believe that it will deter him from committing similar crimes in the future.").[4]

**IV.   Conclusion.**

Defendant has shown extraordinary and compelling reasons allowing for compassionate release, but release at this time would undermine the goals of sentencing set forth in § 3553(a). Defendant has also failed to show that he no longer is a danger to the community.

---

[4] On September 16, Defendant's mother sent a letter to the Court in support of the motion for compassionate release. The Court has considered the points made in the letter in ruling on the motion.

**IT IS ORDERED** that Defendant's amended motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 61) is **denied**.

Dated this 17th day of December, 2020.

*David G. Campbell*

David G. Campbell
Senior United States District Judge